**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

JOE HAND PROMOTIONS, INC.,         :
                                                   :

         Plaintiff,                :

                                                   :

v.                                          :    Case No. 1:22-cv-01114-AMD-TAM

                                                   :

PIETRO MANETTA,                :

                                                   :

         Defendant.             :

_____

### DECLARATION OF JON D. JEKIELEK
### IN SUPPORT OF PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

Pursuant to 28 U.S.C. § 1746, Jon D. Jekielek, declares as follows:

1. My firm serves as counsel for Joe Hand Promotions, Inc. generally and specifically in this action. I have personal knowledge of the following facts.

2. I am a co-founder and co-owner of Jekielek & Janis and I am a member in good standing of the State Bar for the State of New York (2007). I have also been admitted to practice in the United States District Courts for the Eastern, Southern, Northern, and Western Districts of New York. I have been practicing for over fourteen (14) years.

3. For eleven (11) years our firm has litigated federal piracy claims on behalf of commercial pay-per-view distributors of major televised sporting events.

4. The Defendant Pietro Manetta has not filed a responsive pleading within the time permitted by law.

5. Under Local Rule 55.2(b), the moving party must submit with its motion for default judgment: (1) the Clerk's certificate of default; (2) a copy of the claim to which no response has been made; and (3) a proposed form of default judgment.

6. Attached hereto as "Exhibit A" are: (1) the Clerk's certificate of default; (2) a copy of the claim to which no response has been made; and (3) a proposed form of default judgment.

7. Attached hereto as "Exhibit B" is a screenshot (image that shows the contents of a computer display) of a Facebook post advertising the unauthorized broadcast of *Ultimate Fighting Championship® 235: Jon Jones vs. Anthony Smith* at M.I.A. Made in Astoria.

8. Attached hereto as "Exhibit C" is the New York State Liquor Authority license information for M.I.A. Made in Astoria.

9. To the undersigned's knowledge, Defendant is not an infant, incompetent person, or person in military service or otherwise exempted from default judgment under the Service Members Civil Relief Act of 2003. *See* Exhibit F.

10. On July 14, 2022, a Request for Certificate of Default was filed with the Court regarding Defendant Pietro Manetta.

11. On July 21, 2022, Default was entered against Defendant Pietro Manetta.

12. This action involves a claim for damages by Plaintiff Joe Hand Promotions, Inc. against Defendant Pietro Manetta for misappropriation of the *Ultimate Fighting Championship® 235: Jon Jones vs. Anthony Smith* broadcast, including all undercard bouts and commentary, on March 2, 2019, in violation of 47 U.S.C. § 605, *et seq.*, and 47 U.S.C. § 553, *et seq.* Plaintiff seeks relief on its causes of action as set forth below.

13. Pursuant to 47 U.S.C. § 605(e)(3)(B)(iii), "[t]he Court shall direct the recovery of full costs, including awarding reasonable attorneys' fees to an aggrieved party who prevails." 47 U.S.C. § 605(e)(3)(B)(iii).

14. The Second Circuit utilizes the "lodestar" method to calculate the amount of fees to be assessed. The lodestar is the "the product of a reasonable hourly rate and the reasonable number of hours required by the case—[which] creates a presumptively reasonable fee." *Stanczyk v. City of New York*, 752 F.3d 273, 284–85 (2d Cir. 2014) (quoting *Millea v. Metro–N. R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011)).

15. Courts in the Second Circuit adhere to the forum rule when determining the hourly rate. "According to the forum rule, courts should generally use the hourly rates employed in the district in which the reviewing court sits in calculating the presumptively reasonable fee." *Restivo v. Hessemann*, 846 F.3d 547, 590 (2d Cir. 2017).

16. My billable hourly rate for federal piracy litigation practice is currently three hundred fifty dollars ($350.00) per hour. This rate is consistent with the hourly rate recently approved by this Court for cable/satellite piracy litigation.[1]

17. Attached hereto as Exhibit D are contemporaneous records specifying relevant dates, time spent, and my work done in connection with this matter.

18. As such our firm's billable fees for attorneys equals one thousand four hundred thirty-five dollars ($1,435.00) (4.1 hours at rate of $350/hour).

19. Additionally, Plaintiff should recover costs of four hundred two dollars ($402.00) to file the complaint and one hundred fifty-five dollars ($155.00) to effectuate service. *See*

---

[1]    *Joe Hand Promotions, Inc. v. Gonzalez*, C.A. No. 1:19-cv-03881-MKB-SMG, Doc. No. 18 (E.D.N.Y. June 29, 2020), *report and recommendations adopted* July 17, 2020.

Exhibit E.  In total, Plaintiff is entitled to costs in the amount of five hundred fifty-seven dollars ($557.00).

20. Plaintiff respectfully requests judgment in its favor and that damages be awarded to it as follows:

Violation of Title 47 U.S.C. §605(e)(3)(C)(i)(II) ………… $ 2,000.00

Violation of Title 47 U.S.C. §605(e)(3)(C)(ii) …………… $ 8,000.00

Attorneys' Fees……………………………………………. $ 1,435.00

Costs………………………………………………….. $   557.00

**TOTAL** ………………………………………………… $11,992.00

I declare, under the penalty of perjury of the laws of the State of New York and the United States of America that the above is true and correct.

Respectfully,

Dated:  October 18, 2022                          By:    /s/ Jon D. Jekielek
                                                 Jon D. Jekielek, Esq.
                                                 Jekielek & Janis
                                                 31 Cloverhill Place, Floor 1
                                                 Montclair, NJ 07042
                                                 T: (212) 686-7008
                                                 jon@jj-lawyers.com

                                                 Attorneys for Plaintiff