# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x

JOE HAND PROMOTIONS, INC.          **CERTIFICATE OF DEFAULT**

              Plaintiff,          Case No. 1:22-cv-01114-AMD-TAM

   vs.

TRIANGLE EATERY & BAR, LLC, et al

              Defendants.

-------------------------------------------------------------x

I, BRENNA B. MAHONEY, Clerk of Court of the United States District Court for the Eastern District of New York, do hereby certify that the Defendant Pietro Manetta has not filed an answer or otherwise moved with respect to the complaint herein.  The default of defendant Pietro Manetta is hereby noted pursuant to Rule 55(a) of the Federal Rules of Civil Procedure.

Dated:      Brooklyn, New York
           July 21, 2022

           BRENNA B. MAHONEY, Clerk of Court

        By: _Jalitza Poveda_____
             Deputy Clerk

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---

JOE HAND PROMOTIONS, INC.,

       Plaintiff,

     - against -

TRIANGLE EATERY & BAR, LLC d/b/a
M.I.A. MADE IN ASTORIA, PIETRO
MANETTA,

       Defendants.

CASE NO.: 1:22-cv-1114

---

**COMPLAINT**

Plaintiff JOE HAND PROMOTIONS, INC., by and through its attorneys, for its Complaint

against Defendants, hereby alleges as follows:

<u>THE PARTIES</u>

1.     Plaintiff JOE HAND PROMOTIONS, INC. is a corporation organized and

existing under the laws of Pennsylvania with its principal place of business at 213 W. Street Road,

Feasterville, PA 19053.  Plaintiff held the exclusive commercial licensing rights to the broadcast

of *Ultimate Fighting Championship® 235: Jon Jones vs. Anthony Smith*, including all undercard

bouts and commentary, telecast nationwide on March 2, 2019 (the "Program").

2.     Upon information and belief, Defendant TRIANGLE EATERY & BAR, LLC:

    a.     is a New York limited liability company;

    b.     is a business that conducts business in the State of New York;

    c.     conducted business as M.I.A. Made in Astoria on the date of the Program;

    d.     operates, maintains and controls the establishment known as M.I.A. Made
         in Astoria located at 27-35 21st Street, Astoria, NY 11102 (the
         "Establishment"); and

e. operated, maintained and controlled the Establishment on the date of the Program.

3. Upon information and belief, Defendant PIETRO MANETTA is an individual residing in the State of New York. On the date of the Program, Defendant PIETRO MANETTA:

a. approved, directly participated in, and/or assisted in the Establishment's unauthorized exhibition of the Program;

b. was an officer, director, shareholder, member and/or principal of the entity owning and operating the Establishment;

c. had a right and ability to supervise the activities of the Establishment; and

d. had an obvious and direct financial interest in the activities of the Establishment.

<u>JURISDICTION AND VENUE</u>

4. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) as this civil action is brought under the Communications Act of 1934, as amended, 47 U.S.C. § 553 (generally referred to as "Cable Piracy") and 47 U.S.C. § 605 (generally referred to as "Satellite Piracy").

5. Venue is proper in this District because a substantial part of the events giving rise to the claims occurred in this District and/or Defendants reside in this District.

<u>FACTS</u>

6. Plaintiff repeats, re-alleges, and incorporates by reference, each and every allegation and averment set forth in the above paragraphs of this Complaint with the same force and effect as if the same were more fully set forth at length herein.

7. Plaintiff is a company that specializes in licensing and distributing premier sporting events to commercial locations such as bars, restaurants, lounges, clubhouses and similar establishments. Since 2001, Plaintiff has been the exclusive domestic distributor for the world's

premier mixed martial arts promotion company, the Ultimate Fighting Championship®.  Over the years, Plaintiff has invested a considerable amount of time and money in building a loyal customer base and retaining customers.

8.      By contract, Plaintiff was granted the exclusive right to license and distribute the Program to commercial establishments throughout the United States.  The Program broadcast originated via satellite uplink, and was subsequently re-transmitted interstate to cable systems and satellite television companies via satellite signal.

9.      Plaintiff entered into subsequent agreements with various commercial establishments in the State of New York that, in exchange for a fee, allowed them to exhibit the Program to their patrons.  In consideration of the aforementioned agreements, Plaintiff expended substantial monies to market, advertise, promote, administer and transmit the Program broadcast to those establishments in the State of New York.

10.     Prior to the broadcast of the Program, Defendants could have contracted with Plaintiff and purchased authorization to exhibit the Program in the Establishment for a fee. However, Defendants chose not to contract with Plaintiff or pay any fees to Plaintiff to obtain the proper license or authorization. At no time did Plaintiff give Defendants license, permission or authority to receive and exhibit the Program in the Establishment.

11.     By unauthorized satellite transmission or, alternatively, by unauthorized receipt over a cable system, Defendants willfully intercepted or received the interstate communication of the Program or assisted in such actions.  Defendants then unlawfully transmitted, divulged and published said communication, or assisted in unlawfully transmitting, divulging and publishing said communication to patrons in the Establishment.

3

12. Without authorization, license, or permission to do so from Plaintiff, Defendants exhibited the Program to the patrons within the Establishment.

13. Defendants pirated Plaintiff's licensed exhibition of the Program and infringed upon Plaintiff's exclusive rights while avoiding proper authorization and payment to Plaintiff. Defendants' actions were committed willfully and with the purpose and intent to secure a commercial advantage and private financial gain.

14. At the time of the wrongful conduct described herein, Defendants' agents, servants and employees were in fact Defendants' agents, servants and employees, and acting within the scope of their employment and authority as Defendants' agents, servants and employees.

<u>SATELLITE PIRACY/CABLE PIRACY</u>

15. Plaintiff repeats, re-alleges, and incorporates by reference, each and every allegation and averment set forth in the above paragraphs of this Complaint with the same force and effect as if the same were more fully set forth at length herein.

16. Defendants' wrongful actions, in connection with the unauthorized exhibition of the Program, as described above, violates 47 U.S.C. § 605. By reason of Defendants' violations of 47 U.S.C. § 605, Plaintiff has standing and capacity to bring a private right of action.

17. Plead in the alternative, Defendants' wrongful actions, in connection with the unauthorized exhibition of the Program, as described above, violates 47 U.S.C. § 553, and by virtue of same, Plaintiff has standing and capacity to bring a private right of action.

18. Accordingly, Plaintiff is entitled to judgment in its favor and against each Defendant for statutory damages, in the discretion of this Court, plus interest, costs and attorneys' fees, pursuant to 47 U.S.C. § 605 or, alternatively, pursuant to 47 U.S.C. § 553.

<u>PRAYER</u>

WHEREFORE, Plaintiff prays for judgment in favor of Plaintiff and against each Defendant as follows:

      a.     for statutory damages, in the discretion of this Court, of up to the maximum amount of $110,000.00 for each willful violation of 47 U.S.C. § 605, or alternatively, for statutory damages, in the discretion of this Court of up to the maximum amount of $60,000.00 for each willful violation of 47 U.S.C. § 553;

      b.     for Plaintiff's attorney's fees, interest, and costs of suit pursuant to 47 U.S.C. § 605(e)(3)(B)(iii) or, alternatively, pursuant to § 553(c)(2)(C); and

      c.     for such other and further relief to which Plaintiff may be entitled.

Respectfully,

Dated: March 2, 2022           By:   /s/ Jon D. Jekielek
                       Jon D. Jekielek, Esq.
                       Jekielek & Janis
                       31 Cloverhill Place, Floor 1
                       Montclair, NJ 07042
                       T: 212-686-7008
                       jon@jj-lawyers.com

                       Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

JOE HAND PROMOTIONS, INC.,        :
                               :
          Plaintiff,        :
                               :
v.                          :   Case No. 1:22-cv-01114-AMD-TAM
                               :
PIETRO MANETTA,        :
                               :
          Defendant.     :

---

### PROPOSED DEFAULT JUDGMENT

Upon consideration of Plaintiff's Motion for Final Default Judgment, the accompanying Memorandum of Points and Authorities in Support thereof and evidence, the pleadings on file and the relevant authorities, the Court concludes that Plaintiff has established that it is an aggrieved party under the Federal Communications Act, 47 U.S.C. §§ 553 and 605, and recognizes Plaintiff's election to seek statutory damages solely under 47 U.S.C. § 605. The Court also concludes that it has jurisdiction over the subject matter and parties to this action; that Pietro Manetta (hereinafter "Defendant") failed to answer or otherwise defend as provided by the Federal Rules of Civil Procedure following proper service; that the allegations in Plaintiff's Original Complaint are deemed admitted against Defendant; that Defendant exhibited the *Ultimate Fighting Championship® 235: Jon Jones vs. Anthony Smith* broadcast, including all undercard bouts and commentary, on March 2, 2019, without authorization from Plaintiff; and that Defendant's actions were willful and for purposes of direct or indirect commercial advantage or private financial gain. Therefore, additional damages are warranted in this action.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED:

1.       That Judgment by default be entered in favor of Plaintiff and against Defendant Pietro Manetta.

2.       That Plaintiff recover statutory damages pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(II) from Defendants in the amount of $2,000.00.

3.       That Plaintiff recover additional damages pursuant to 47 U.S.C. § 605(e)(3)(C)(ii) from Defendants in the amount of $8,000.00.

4.       That Plaintiff recovers attorneys' fees pursuant to 47 U.S.C. § 605(e)(3)(B)(iii) from Defendant in the amount of $1,435.00 and costs in the amount of $557.00 relating to the prosecution of this matter.

5.       The Court also award Plaintiff court costs and post-judgment interest on the amounts awarded herein at the statutory rate from the date of this Judgment until paid.

6.       This judgment is a final judgment.

SO ORDERED.

_____
Hon. Ann M. Donnelly

2