UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                                            :

**JOE HAND PROMOTIONS, INC.**,

                      Plaintiff,

            – against –

**PIETRO MANETTA**,

                     Defendant.
------------------------------------------------------------- X

**MEMORANDUM DECISION AND ORDER**

22-CV-1114 (AMD) (TAM)

**ANN M. DONNELLY**, United States District Judge:

       The plaintiff brought this action on March 2, 2022, alleging violations of Federal Communications Act (the "FCA"), 47 U.S.C. §§ 553, 605.  (ECF No. 1.)  The defendant did not appear, answer or otherwise move with respect to the complaint, and on July 21, 2022, the Clerk of Court certified the defendant's default under Federal Rule 55(a) of Civil Procedure.  (ECF No. 8.)[1]  The plaintiff moved for default judgment on October 18, 2022 (ECF No. 12), and I referred the motion to the Honorable Taryn A. Merkl.  Judge Merkl issued a Report and Recommendation on June 23, 2023, recommending that I deny the plaintiff's motion.  (ECF No. 16.)  Rather than object to the Report and Recommendation, the plaintiff filed a notice of voluntary dismissal without prejudice.  (ECF No. 17.)  For the reasons that follow, I vacate the plaintiff's notice of dismissal and adopt Judge Merkl's Report and Recommendation in full.

---

[1] The plaintiff originally brought this case against Manetta and Triangle Eatery & Bar, LLC, a company Manetta operates.  The plaintiff voluntarily dismissed Triangle Eatery on September 13, 2022.  (ECF No. 10.)

## BACKGROUND

This case involves a broadcast of *Ultimate Fighting Championship® 235: Jon Jones v. Anthony Smith*, including all undercard bouts and commentary (the "Program"). The plaintiff, a mixed martial arts promotion company, alleges that it held "exclusive" commercial licensing rights to the Program and licensed it to various commercial establishments in New York. (ECF No. 1 ¶¶ 8–9.) According to the plaintiff, the defendant did not ask for a license and instead "unlawfully transmitted, divulged and published" the Program at a restaurant known as M.I.A., thereby violating §§ 553 and 605 of the FCA. (*Id.* ¶ 11.) The plaintiff argues that the defendant should be held "directly liable" for the violation, because he "was an officer, director, shareholder, member and/or principal" of Triangle Eatery & Bar, LLC, which, in turn, operated, maintained and controlled M.I.A. on the day of the broadcast. (*Id.* ¶¶ 2–3; ECF No. 12-1 at 13.) In the alternative, the plaintiff claims that the defendant is vicariously liable, because he "had a right and ability to supervise" and "had an obvious and direct financial interest in the activities of" M.I.A. (ECF No. 1 ¶ 2; ECF No. 12-1 at 13.) As the plaintiff points out, "there is no requirement that a corporate officer have authorized the infringement to be vicariously liable for it." *J & J Sports Prods., Inc. v. Ahuachapan Corp.*, 422 F. Supp. 3d 652, 659 (E.D.N.Y. 2019).

As discussed above, the defendant did not appear or answer the complaint, and the plaintiff moved for default judgment on its § 605 claim.[2] Judge Merkl found that the defendant's default was willful and that "there is no indication that requiring [the plaintiff] to take further steps would be effective in eliciting a response from [the defendant.]" (ECF No. 16 at 6 n.5 (cleaned up).) Nevertheless, she recommended that I deny default judgment because the plaintiff has not established that the "defendant has [no] meritorious defense." (*Id.* at 6–8 (citation

---

[2] As Judge Merkl noted, the plaintiff does not discuss the § 553 claim in its motion for default judgment. (*See* ECF No. 16 at 7 n.6; *see generally* ECF No. 12-1.)

omitted).) In particular, Judge Merkl concluded that even if she accepts all of the facts in the complaint, those facts still do not "state valid claims," because they do not establish that the defendant "derived financial gain from the unauthorized" broadcast—an element of § 605. (*Id.* at 7, 11–12 (cleaned up).)

No party has objected to Judge Merkl's Report and Recommendation, and the time to do so has passed. The plaintiff, however, has requested that the Court dismiss this action without prejudice. (ECF No. 17.)

## DISCUSSION

### I.    Voluntary Dismissal

Under Rule 41(a)(1), a plaintiff may voluntarily dismiss an action without prejudice "before the opposing party serves either an answer or a motion for summary judgment." Fed. R. Civ. P. 41(a)(1)(A)(i). However, the Second Circuit has signaled that courts need not always apply Rule 41 so "literally," and that they should decline to dismiss "when a plaintiff has sufficiently litigated the merits of a case" even if there has been no answer or a motion for summary judgment. *Poparic v. Jugo Shop*, 08-CV-2081, 2010 WL 1260598, at *5 (E.D.N.Y. Mar. 31, 2010) (cleaned up) (citing *Harvey Aluminum, Inc. v. American Cyanamid Co.*, 203 F.2d 105, 105–08 (2d Cir. 1953)).

The Second Circuit first addressed this question in *Harvey Aluminum*, in which a plaintiff filed a Rule 41(a)(1) notice after the court denied its motion for a preliminary injunction. The court reasoned that because the "merits of the controversy were squarely raised" and addressed by the district court before the notice of voluntary dismissal was filed, dismissal was inappropriate. 203 F.2d at 107–08. While *Harvey Aluminum* has received a "cool reception" and has been limited to "extreme" facts, the Second Circuit has also acknowledged that "there

may be a point in legal proceedings where the purpose of Rule 41(a)(1)(i) would be better served by abandoning a literal interpretation." *Thorp v. Scarne*, 599 F.2d 1169, 1175–76 (2d Cir. 1979). Nor did the court "expressly overturn *Harvey Aluminum*." *Trustees of Metal Polishers Loc. 8A-28A Funds v. Nu Look Inc.*, No. 18-CV-3816, 2020 WL 5793204, at *5 (E.D.N.Y. Sept. 29, 2020). Accordingly, district courts have applied *Harvey Aluminum*'s reasoning to cases in the same procedural posture as this one, where a plaintiff filed a notice of voluntary dismissal after a magistrate judge recommended denying default judgment due to deficiencies in the complaint. *See id.* at *5–6 (Chen, J.); *Poparic*, 2010 WL 1260598, at *5–7 (Matsumoto, J.); *Century Sur. Co. v. Vas & Sons Corp.*, No. 17-CV-5392, 2018 WL 4804656, at *2–4 (E.D.N.Y. Sept. 30, 2018) (Irizarry, C.J.). These courts have concluded that dismissal "at this advanced stage" would undermine the Federal Rules of Civil Procedure's purposes of securing "just, speedy, and inexpensive determination of every action and proceeding," *Poparic*, 2010 WL 1260598, at *7 (cleaned up), and have admonished plaintiffs for their "unseemly attempt[s] to gain several bites at the apple and leave open the option of raising the claim again in another forum," *Century Sur.*, 2018 WL 4804656, at *2.

      The reasoning in these cases is persuasive and applicable to the circumstances in this case. The plaintiff "sought and obtained the Court's careful consideration of the merits of its Complaint and default judgment motion, but, being unhappy with the results of its litigation, [now seeks] dismissal without prejudice." *Trustees of Metal Polishers*, 2020 WL 5793204, at *6 (quoting *Century Sur.*, 2018 WL 4804656, at *3). "Magistrate judges play an important and invaluable role within the federal judicial framework." *Poparic*, 2010 WL 1260598, at *7. If the plaintiff believed that Judge Merkl's conclusions were erroneous, it could have objected to the Report and Recommendation, a procedure designed to resolve these issues fairly and

4

expeditiously. Allowing the plaintiff to bypass this procedure would perpetuate procedural "abuses" that Rule 41(a)(1) was designed to "limit." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 397 (1990). And it would place this plaintiff in a more favorable position than plaintiffs whose motions were decided by district courts without referral. *See Poparic*, 2010 WL 1260598, at *7; *Century Sur.*, 2018 WL 4804656, at *4. The plaintiff's request is denied.[3]

## II. Report and Recommendation

A district court reviewing a report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). To accept a report and recommendation to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record." *VOX Amplification Ltd. v. Meussdorffer*, 50 F. Supp. 3d 355, 369 (E.D.N.Y. 2014) (citation omitted).

I have carefully reviewed Judge Merkl's well-reasoned Report and Recommendation for clear error and find none. Judge Merkl described the legal landscape governing § 605(a) actions, sifted through the factual allegations in the complaint, and carefully compared the plaintiff's allegations to those in other cases. Accordingly, I adopt the Report and Recommendation in its entirety. The plaintiff's motion for default judgment is denied, but the plaintiff may amend its

---

[3] For the same reasons, I decline to construe the plaintiff's notice as a motion to dismiss under Rule 41(a)(2), which allows dismissal "by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). To decide whether dismissal is proper under 41(a)(2), courts examine "(1) the plaintiff's diligence in bringing the motion, (2) any undue vexatiousness on the plaintiff's part, (3) the extent to which the suit has progressed, including the defendant's efforts and expense in preparation for trial, (4) the duplicative expense of relitigation, and (5) the adequacy of the plaintiff's explanation for the need to dismiss." *Kwan v. Schlein*, 634 F.3d 224, 230 (2d Cir. 2011) (citation omitted). As discussed above, the plaintiff brought its motion at an "advanced stage of litigation," ignoring the procedure for objecting to the Report and Recommendation without any explanation. *See Century Sur.*, 2018 WL 4804656, at *5. And although the defendant has not expended any effort in preparing for trial, Judge Merkl has issued a thorough and comprehensive Report and Recommendation.

complaint within thirty days to remedy the deficiencies discussed above and in Judge Merkl's Report and Recommendation.

## CONCLUSION

For these reasons, I vacate the plaintiff's notice of voluntary dismissal and adopt the Report and Recommendation in its entirety. The plaintiff's motion for default judgment is denied without prejudice, but the plaintiff may amend its complaint within thirty days and, if appropriate, renew its request for default judgment.

**SO ORDERED.**

s/Ann M. Donnelly
_____
ANN M. DONNELLY
United States District Judge

Dated: Brooklyn, New York
       July 21, 2023